131 F.3d 145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John AITON; Thomas Jimenez; Hollis Banks; Jose
Gandarilla; James Wallace; James Hollowell; Eduardo
Garcia; Anthony Towns; Rod Relf; Mario Gonzales;
Franklin Wozniak; Archie Domineck; Stephen Konrad; Elmer
Murry, Plaintiffs-Appellants.
v.
ROCKWELL INTERNATIONAL CORPORATION, a Delaware corporation;
United Plant Guard Workers of America, an unincorporated
labor union; United Plant Guard Workers of America, Local
152, an unincorporated labor union; and Does 1 through 100,
inclusive, Defendants-Appellees.
 No. 96-56052.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1997**
Decided Nov. 20, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-94-03178-LGB; Lourdes G. Baird, District Judge, Presiding.
 Before BROWNING, BRUNETTI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Aiton and ten other former security employees (collectively Aiton) of Rockwell International Corporation brought this action against Rockwell, the International Union, United Plant Guard Workers of America (UPGWA) and Local 152 of the UPGWA. Aiton, at various times, claimed that Rockwell had breached a collective bargaining agreement with a predecessor union--the United Industrial Police and Firemen of America--and a collective bargaining agreement with the UPGWA. Aiton also asserted that the UPGWA had violated its duty of fair representation in its bargaining with Rockwell and otherwise, and that Local 152 had breached its duty of fair representation.
 
 
 3
 We have carefully reviewed the record and the district court's perceptive and accurate determinations, and we affirm for the reasons set forth in the following orders of the district court:
 
 
 4
 (1) The December 21, 1994, order granting in part and denying in part the motions to dismiss and for judgment on the pleadings on the first amended complaint;
 
 
 5
 (2) The July 31, 1995, order dismissing the punitive damage and emotional distress damage claims;
 
 
 6
 (3) The October 30, 1995, order denying class certification;
 
 
 7
 (4) The June 3, 1996, order granting summary judgment to Rockwell, UPGWA, and Local 152; and
 
 
 8
 (5) The October 15, 1996, order denying Aiton's motion to retax costs.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this; case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3